IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:25-MJ-324 (PJE) |
| | ) | |
| **v.** | ) | Stipulation, Motion and Proposed Order |
| | ) | for Enlargement of Time |
| **PETER BARDUNIAS** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION FOR CONTINUANCE AND MOTION FOR EXCLUSION OF TIME

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Peter Bardunias, by and through counsel, Nick Evanovich, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

  a) Date of complaint:  October 7, 2025

  b) Date of initial appearance:  October 7, 2025

  c) Defendant custody status: Detained

  d) Date United States moved for detention:  October 7, 2025

  e) Date of detention hearing:  Waived

  f) Date detention decision issued:  October 23, 2025

    g)    Earlier enlargements of time and exclusions under the Speedy Trial Act:

        i)    Order signed October 15, 2025, excluding the time between and including October 15, 2025, and December 15, 2025.

        ii)    Order signed December 18, 2025, excluding the time between and including December 18, 2025, and February 16, 2026.

2)    The United States and/or the defendant request this exclusion based on the following facts and circumstances: The requested continuance allows for the reasonable time necessary for defense counsel to review certain pre-indictment discovery materials being made available by the government, as well as to confer with the government to pursue the negotiation of a disposition of the charges and research collateral consequences, and for the completion of a forensic examination of the defendant's electronic devices.

3)    The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the defense requires reasonable time to effectively prepare and evaluate the discovery materials, to conduct its own investigation, and to explore plea discussions, taking into account the exercise of due diligence.

4)    The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

/

/

Dated: February 18, 2026                 TODD BLANCHE
                                                Deputy Attorney General

                                                JOHN A. SARCONE III
                                                First Assistant United States Attorney

                             By:     */s/ Joseph S. Hartunian*
                                                Joseph S. Hartunian
                                                Assistant United States Attorney
                                                Bar Roll No. 704398

                                                 */s/ Nick Evanovich*
                                                Nick Evanovich, Esq.
                                                Andrew R. Safranko, Esq
                                                Attorneys for Peter Bardunias
                                                Bar Roll No. 520762 & 510803

**ORDER**

A.      The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of February, 2026.

                                                 Hon. Paul J. Evangelista
                                                 U.S. Magistrate Judge