U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Aug 18 - 2026
John M. Domurad, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:25-MJ-324 (PJE) |
| | ) | |
| **v.** | ) | Stipulation, Motion and Proposed Order |
| | ) | for Enlargement of Time |
| **PETER BARDUNIAS** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATION FOR CONTINUANCE AND MOTION FOR EXCLUSION OF TIME**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Peter Bardunias, by and through counsel, Andrew R. Safranko, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint: October 7, 2025

   b) Date of initial appearance: October 7, 2025

   c) Defendant custody status: Detained

   d) Date United States moved for detention: October 7, 2025

   e) Date of detention hearing: Waived

   f) Date detention decision issued: October 23, 2025

g) Earlier enlargements of time and exclusions under the Speedy Trial Act:

i) Order dated October 15, 2025, excluding the time between and including October 15, 2025, and December 15, 2025;

ii) Order dated December 18, 2025, excluding the time between and including December 18, 2025, and February 16, 2026;

iii) Order dated February 20, 2026, excluding the time between and including February 20, 2026 and April 20, 2026;

iv) Order dated Apri 22, 2026 excluding the time between and including April 22, 2026 and June 22, 2026.

v) Order dated June 23, 2026, excluding the time between and including June 23, 2026 and July 23, 2026.

vi) Order dated July 24, 2025, excluding the time between and including July 24, 2026 and August 24, 2026

2) The United States and/or the defendant request this exclusion based on the following facts and circumstances: The requested continuance allows for the reasonable time necessary for defense counsel to review certain pre-indictment discovery materials being made available by the government, as well as to confer with the government to pursue the negotiation of a disposition of the charges and research collateral consequences.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the defense requires reasonable time to effectively prepare and evaluate the discovery materials, to conduct its own investigation, and to explore plea discussions, taking into account the exercise of due diligence.

4) The parties stipulate and agree that a period of thirty (30) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: August 17, 2026

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: */s/ Joseph S. Hartunian*
Joseph S. Hartunian
Assistant United States Attorney
Bar Roll No. 704398

*/s/ Nicholas J. Evanovich*
Andrew R. Safranko, Esq.
Nicholas J. Evanovich
Attorneys for Peter Bardunias
Bar Roll No. 510803 & 520762

**ORDER**

A. The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __18th__ day of August, 2026.

Hon. Paul J. Evangelista
U.S. Magistrate Judge